IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IMTX STRATEGIC, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 13-1940-GMS |
| VIMEO LLC, | ) ) ) | |
| Defendant. | ) ) | |
| IMTX STRATEGIC, LLC, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 14-325-GMS |
| SPOTIFY USA INC., | ) ) ) | |
| Defendant. | ) ) | |
| IMTX STRATEGIC, LLC, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 14-547-GMS |
| HOME BOX OFFICE INC., | ) ) ) | |
| Defendant. | ) ) | |
| IMTX STRATEGIC, LLC, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 14-548-GMS |
| HULU LLC, | ) ) ) | |
| Defendant. | ) ) | |

| | |
|---|---|
| IMTX STRATEGIC, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-549-GMS |
| NETFLIX INC., | ) |
| Defendant. | ) |
| IMTX STRATEGIC, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-550-GMS |
| VERIZON COMMUNICATIONS INC., | ) |
| Defendant. | ) |
| IMTX STRATEGIC, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-551-GMS |
| VUDU INC., | ) |
| Defendant. | ) |
| IMTX STRATEGIC, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 15-36-GMS |
| RHAPSODY INTERNATIONAL, INC., | ) |
| Defendant. | ) |

# ORDER

At Wilmington, this 5th day of February 2015, the court having considered the motions to transfer in the above-captioned cases,[1] the parties' written submissions, and the applicable law;

IT IS HEREBY ORDERED that the moving defendants' motions to transfer venue (C.A. No. 13-1940-GMS, D.I. 13; C.A. No. 14-325-GMS, D.I. 12; C.A. No. 14-548-GMS, D.I. 10; C.A. No. 14-549-GMS, D.I. 11; C.A. No. 14-550-GMS, D.I. 11; C.A. No. 14-551-GMS, D.I. 13) are GRANTED. The court concludes that considerations of convenience and fairness including, but not limited to, the parties, witnesses, and the public, and the conservation of time, energy, and financial resources are better served by trying all of the above-captioned actions in the Northern District of California;[2]

IT IS HEREBY FURTHER ORDERED that the Clerk of the Court is directed to close the above-captioned cases.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Each of the above-captioned defendants, with the exception of Home Box Office Inc. ("HBO") and Rhapsody International, Inc. ("Rhapsody"), filed a motion to transfer venue to the Northern District of California, pursuant to 28 U.S.C. § 1404(a). (C.A. No. 13-1940-GMS, D.I. 13; C.A. No. 14-325-GMS, D.I. 12; C.A. No. 14-548-GMS, D.I. 10; C.A. No. 14-549-GMS, D.I. 11; C.A. No. 14-550-GMS, D.I. 11; C.A. No. 14-551-GMS, D.I. 13.) HBO does not oppose transfer and has agreed to be transferred along with the other parties. Rhapsody was previously dismissed as a defendant because of the plaintiff's failure to timely serve process. (C.A. 14-269-GMS, D.I. 16.) The plaintiff subsequently refiled its complaint against Rhapsody on January 13, 2015. (C.A. 15-36-GMS, D.I. 1.) Because of this procedural setback, Rhapsody has not weighed in with its opinion on the subject of transfer.

[2] In the interests of judicial efficiency, the court *sua sponte* elects to transfer Rhapsody (C.A. 15-36-GMS) along with the other defendants. Should Rhapsody object, it may seek relief from the court's order pursuant to Federal Rule of Civil Procedure 60(b).