GLYNN & FINLEY, LLP
JAMES M. HANLON, JR., Bar No. 214096
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
Steven Lieberman (admitted *pro hac vice*)
slieberman@rfem.com
Brian S. Rosenbloom (admitted *pro hac vice*)
brosenbloom@rfem.com
Derek F. Dahlgren (admitted *pro hac vice*)
ddahlgren@rfem.com
607 14th Street, N.W.
Suite 800
Washington, DC 20005
(202) 783-6040

Attorneys for Defendant
Home Box Office, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMTX STRATEGIC LLC,<br><br>            Plaintiff,<br><br>     vs.<br><br>HOME BOX OFFICE, INC.,<br><br>            Defendant. | **Case No. 15-cv-00595-JSW**<br><br>**REPLY OF DEFENDANT HOME BOX OFFICE, INC. IN FURTHER SUPPORT OF ITS NOTICE OF JOINDER** |

Defendants Vimeo, LLC, Spotify USA Inc., Hulu, LLC and Netflix, Inc. (collectively the "Moving Defendants") have each filed a motion to stay their respective case in view of Moving Defendants' recently filed petition for CBM review of U.S. Patent No. 7,269,854 (the "'854 patent"), which is the sole patent asserted against Defendant Home Box Office, Inc. ("HBO") in the present action. (*See* D.I. 58 in Case No. 4:15-cv-00592, D.I.58 in Case No. 4:15-cv-00593,

D.I. 59 in Case No. 4:15-cv-00596, and D.I. 60 in Case No. 4:15-cv-00597). HBO joined that motion by filing a Notice of Joinder on June 10, 2015. (D.I. 57). iMTX filed its opposition to the Moving Defendants' motions to stay on June 23, 2014 and its opposition to HBO's Notice of Joinder on June 24, 2015 (collectively "Oppositions"). Moving Defendants filed their replies on June 30, 2015.

In its Oppositions, iMTX essentially advances two arguments against a stay. First, it argues that a stay is premature given that the CBM review has not yet been instituted. Second, it argues that Defendants have somehow acted inappropriately to increase the burden on iMTX such that a stay will not simplify the issues. Neither argument is persuasive.

First, this Court has repeatedly recognized the appropriateness of a stay under similar circumstances, including before a CBM or IPR has been instituted. *See, e.g., Riverbed Technology, Inc. v. Silver Peak Sys., Inc.*, No. 13-2980, slip op. at 4 (N.D. Cal. Mar. 14, 2014); *Evolutionary Intelligence, LLC v. Twitter, Inc.*, No. 13-04207, slip op. at 4-5 (N.D. Cal. Feb. 25, 2014); *Coho Licensing LLC v. Glam Media Inc. and Ning Inc.*, No. 14-01576, slip op. at 4 (N.D. Cal. Sept. 17, 2014). iMTX does not – because it cannot – identify any actual prejudice it will suffer from staying the case prior to the institution decision. It does not argue that it practices the '854 patent or competes with any of the Defendants. Nor does it argue that it will suffer any irreparable harm. Indeed, if the Patent Trial and Appeal Board ("PTAB") decides in a few months not to institute the CBM review, the stay will be lifted. iMTX has not argued, and would have no basis to claim, that a few months delay will cause it any prejudice. On the other hand, if the PTAB agrees to institute review, the PTAB will consider the validity of the sole patent asserted against HBO in this case, and the other seven Defendants in the related cases, all of which Plaintiff has conceded are at a very early procedural stage. In that event, there can be no serious doubt that a stay of this litigation is warranted.

Second, iMTX speculates that Defendants are engaging in "gamesmanship" and argues that because it elected to bring eight different patent infringement actions on the same patent at the same time against eight different companies that are now pursuing varying defenses provided to them by statute, the motion to stay is somehow improper and CBM review will not simplify

the issues. iMTX's speculation is baseless, and is of no moment. iMTX made the strategic decision to assert its patent against numerous different and unrelated parties, and that decision had procedural consequences. Although HBO is not involved in the CBM (or the IPR), the simple fact is that it would be a waste of time and resources for an early-stage litigation against HBO to proceed while a petition relating to the patent-in-suit is considered by the PTAB. If the PTAB institutes a CBM review and invalidates the '854 Patent, that ruling will definitively resolve <u>every</u> related case involving that patent, including the one currently pending against HBO. And if the related cases are stayed pending the CBM review, there will be no multiplication or complication of issues during that time. It is only if the CBM review is allowed to proceed in parallel with one or more of the related cases where the issues could be multiplied rather than simplified, and where the parties and the court will be forced to continue to spend time and resources that could very well be rendered moot and wasted. The facts here plainly favor a stay.[1]

Finally, iMTX argues that, should the Court grant a stay, (a) HBO should be estopped to the same extent as the Moving Defendants; and (b) iMTX should be entitled to discovery against, *inter alia*, HBO to determine the correct real parties in interest for the PTAB proceedings. HBO disagrees on both points.

With respect to the estoppel issue, as discussed in its Notice of Joinder, HBO has not filed any petition for review of the '854 patent at the U.S. Patent and Trademark Office, nor is HBO a party (or a privy to a party) to any such proceeding. Therefore, HBO should not be subject to any estoppel. However, if the Court decides some limited estoppel is appropriate, the estoppel should be limited to the use in district court of any ground that was actually raised and finally adjudicated by the PTAB in the CBM review sought by Moving Defendants. *See Coho*

---

[1] iMTX also lumps all defendants together in complaining about supposed tactical delays and "gaming" in filing the CBM and IPR requests. HBO, however, is not involved in either of the proceedings and therefore obviously had no involvement in deciding when to implement either request. And although HBO disagrees that any unreasonable delay passed in the months between when iMTX began formally serving multiple parties with infringement complaints and the timing of the petitions that were filed, HBO notes that the statutory time frame within which HBO could file an IPR (or a CBM) on its own behalf has not passed, so iMTX's suggestion that HBO was somehow involved in an effort to use these proceedings to circumvent statutory deadlines for invalidity filings is particularly misleading.

*Licensing LLC v. Glam Media, et al.*, No. 14-1576, slip op. at 4 n.1 (N.D. Cal. Sept. 17, 2014).

iMTX should also not be allowed to engage in further discovery with respect to HBO. As a threshold matter, the discovery that iMTX seeks regarding real parties in interest should be sought before the PTAB, not this Court. iMTX is seeking to use this litigation to bypass the PTAB's own discovery process and procedures. *See* 37 C.F.R. § 42.51.

Moreover, HBO has already provided discovery to iMTX refuting iMTX's allegations of a connection between HBO and Unified Patents, Inc., the company which filed the IPR. HBO has informed iMTX that "HBO is not, and has never been, a member of Unified Patents, Inc." Defendant's Response to Plaintiff's First Set of Requests for Admissions. HBO has also advised iMTX that:

> HBO responds that it was unaware of Unified Patents Inc.'s plans to file a request for *inter partes* review of the '854 patent before the request was filed. Consequently, prior to learning that Unified Patents Inc.'s request for *inter partes* review of the '854 patent had been filed, HBO had no communications with anyone regarding Unified Patents, Inc. and its request for *inter partes* review of the patent-in-suit which has been assigned case no. IPR2015-01061.

Defendant's Response to Plaintiff's First Interrogatory. There is thus no reason to allow iMTX to bypass the discovery procedures built into the PTAB process, by allowing further discovery here.

For the foregoing reasons and those set forth in the Moving Defendants' replies in further support of their motions to stay, HBO respectfully requests that the Court stay this action pending resolution of the Moving Defendants' petition for CBM review.

///
///
///
///
///
///
///
///

| | | |
|---|---|---|
| 1 | DATED: July 1, 2015 | ROTHWELL, FIGG, ERNST & MANBECK, P.C. |
| 2 | | /s/ Brian S. Rosenbloom |
| 3 | | Steven Lieberman (admitted *pro hac vice*) |
| | | Brian S. Rosenbloom (admitted *pro hac vice*) |
| 4 | | Derek F. Dahlgren (admitted *pro hac vice*) |
| | | 607 14th Street, N.W., Suite 800 |
| 5 | | Washington, DC 20005 |
| | | Telephone: (202) 783-6040 |
| 6 | | Facsimile: (202) 783-6031 |
| 7 | | *Attorneys for Home Box Office, Inc.* |

**CERTICATE OF SERVICE**

1

2      The undersigned hereby certifies that all counsel of record who are deemed to have

3 consented to electronic service are being served with a copy of this document via electronic mail

4 on this 1st day of July, 2015.

5                                              /s/ James M. Hanlon, Jr.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28